**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**2:14-cv-024-RJC**

| | |
|---|---|
| JAMES CALVIN GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 9), and Memorandum in Support, (Doc. No. 10); Defendant's Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12); Plaintiff's Supplemental Memorandum, (Doc. No. 16); and Defendant's Supplemental Memorandum, (Doc. No. 15).

Under sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the recent ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), this Court reverses the Commissioner's decision and remands the case for a new hearing.

On remand, the Administrative Law Judge will (ALJ) be directed to conduct a new hearing and provide a new hearing decision consistent with Mascio, which requires: (1) a function-by-function analysis of the claimant's functional limitations when assessing residual

functional capacity (RFC); (2) an analysis of the claimant's limitation in concentration, persistence, and pace; and (3) a credibility analysis.

First, in conducting the function-by-function analysis to assess a claimant's RFC, the Administrative Law Judge must include a "narrative discussion describing how the evidence supports each conclusion…" Mascio, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Like in Mascio, it is particularly important in the instant case that the ALJ examine the claimant's ability to perform relevant functions for a full workday. See id. Second, the ALJ must explain her reasoning for determining that the claimant is limited to "simple repetitive tasks and instructions," and for including that determination in the hypothetical question presented to a vocational expert. See id. at 638. The ALJ's current reasoning is insufficient, consisting only of the statement that she translated the finding that "claimant does have 'severe' mental impairments," (Doc. No. 8-3 at 25), into "work-related functions in the residual functional capacity." (Id.) Finally, the ALJ must not rely on boilerplate language to describe the claimant's credibility. This language "gets things backwards," id. at 639 (citing Bjornson v. Astrue, 671 F.3d 640, 645 (7th Cir. 2012)), and "conflicts with the agency's own regulations," which require the ALJ to compare a claimant's alleged functional limitations from pain to other evidence the record, not to a predetermined RFC. Id. (citing 20 C.F.R. § 416.929(a)).

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby **REVERSES** the Commissioner's decision and **REMANDS** the case for a new hearing.

Signed: July 8, 2015

Robert J. Conrad, Jr.
United States District Judge